Roland P. McDONOUGH and Barbara A. McDonough, Plaintiffs,

v.

Richard Van EERDEN, Van Eerden Investment Advisory Services, Inc., Van Eerden & Associates, Inc., and Creative Asset Management, Inc., Defendants and Third-Party Plaintiffs,

and

Maurice E. Daigneau, D/S Enterprises, a Parnership, and M.D. Miracle Enterprises, a Partnership, Defendants and Third-Party Defendants.

No. 85–C–1353.

United States District Court, E.D. Wisconsin.

Dec. 15, 1986.

Borgelt, Powell, Peterson & Frauen by Roger S. Bessey and Joan C. McDonagh, Milwaukee, Wis., for plaintiffs.

Mulcahy & Wherry by Michael R. Wherry and Mary A. Moore, Milwaukee, Wis., for defendants and third-party plaintiffs.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

Plaintiffs Roland and Barbara McDonough initiated this action in September 1985, asserting several causes of action against Richard Van Eerden, their former investment advisor, Van Eerden Investment Advisory Services, Inc., Van Eerden & Associates, Inc., and Creative Asset Management, Inc. (CAM), which I will refer to collectively as the Van Eerden defendants. The plaintiffs' original complaint set forth federal securities fraud and civil RICO claims as well as a number of pendent state claims. In October 1985, the Van Eerden defendants filed third-party complaints against Maurice Daigneau and two corporations, D/S Enterprises and M.D. Miracle Enterprises, which I will refer to collectively as the Daigneau defendants, seeking indemnification and contribution for their liability, if any, to the plaintiffs. In August 1986, I granted the plaintiffs' request to amend their complaint to assert several claims directly against the Daigneau defendants.

On September 11, 1986, four days before trial began, the plaintiffs settled and released all of their claims against the Daigneau defendants. This settlement was formalized on the morning of trial with the filing of a stipulation and order dismissing all such claims on their merits and without costs. In conjunction with this stipulation and order, counsel for all of the parties filed a separate stipulation and order dismissing the Van Eerden defendants' third-party claims against the Daigneau defendants with prejudice, "pursuant and subject to the provisions of a *Pierringer* Release executed between the plaintiffs and third-party defendants on September 11, 1986."

The case then proceeded to a jury trial, starting on the morning of September 15, 1986, against the Van Eerden defendants. At the close of the evidence, I granted the defendants' motions to dismiss CAM as a party from the action and to dismiss the plaintiffs' federal civil RICO claim. However, I denied the defendants' motion to dismiss the plaintiffs' remaining federal claim for securities fraud, brought under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), upon which federal subject matter jurisdiction over the plaintiffs' state claims depended; I ruled that the plaintiffs had presented sufficient evidence to create an issue for the jury on this claim.

On September 22, 1986, the jury returned a verdict finding the remaining Van Eerden defendants causally negligent in advising the plaintiffs regarding their letter of credit investments in Mr. Daigneau's corporations. The jury also found Mr. Daigneau causally negligent regarding his conduct of M.D. Miracle Enterprises, the failure of which resulted in the calling of the plaintiffs' letters of credit and the loss of their investments. In addition, the jury determined that Mr. Van Eerden had made intentional misrepresentations or representations in reckless disregard of the truth to the plaintiffs regarding their letters of credit, upon which the plaintiffs had relied.

With respect to damages, the jury found that the plaintiffs had incurred a total financial loss of $150,000. The jury attributed 30% of the liability for this loss to the Van Eerden defendants. Wisconsin law requires that the proportional fault of all tortfeasors be determined, whether or not they remain in the case as defendants, *Spearing v. National Iron Co.*, 770 F.2d 87, 90 (7th Cir.1985); the jury thus considered what portion of the liability for the plaintiffs' losses was attributable to the Daigneau defendants and set it at 70%. The jury further determined that Mr. Van Eerden had acted either maliciously or in wanton, willful, or reckless disregard of the plaintiffs' rights and assessed punitive damages against him in the sum of $200,000.

The case is now before me on the plaintiffs' motion for the entry of judgment,

pursuant to Rule 58, Federal Rules of Civil Procedure. They request that judgment be entered against the Van Eerden defendants in the amount of $245,000. The Van Eerden defendants seek judgment dismissing CAM with costs and dismissing the plaintiffs' state law claims, upon which the jury's damages awards are based, on jurisdictional grounds. Alternatively, the Van Eerden defendants request that judgment be entered against them for $45,000 and against Mr. Van Eerden individually for $60,000, together with costs and attorneys' fees as allowable by law.

Although the jury found that Mr. Van Eerden did not commit federal securities fraud, it does not follow that federal subject matter jurisdiction is thereby defeated and that the plaintiffs' pendent state law claims must be dismissed and retried in state court. Under *Mine Workers v. Gibbs*, 383 U.S. 715, 722, 86 S.Ct. 1130, 1136, 16 L.Ed.2d 218 (1966), "where the federal question averred is not plainly wanting in substance, the federal court, *even though the federal ground be not established*, may nevertheless retain and dispose of the case upon the non-federal ground[s]; ...." (emphasis supplied). A federal claim is plainly wanting in substance where it is " 'obviously frivolous,' 'obviously without merit,' or 'essentially fictitious'." *McGrath v. Zenith Radio Corp*, 651 F.2d 458, 463 (7th Cir.), *cert. denied*, 454 U.S. 835, 102 S.Ct. 136, 70 L.Ed.2d 114 (1981).

■ The Van Eerden defendants do not contend and I do not believe that the plaintiffs' unsuccessful federal securities fraud claim was so wanting in substance that the exercise of federal jurisdiction over their pendent state claims was or is inappropriate. Submission of the federal question to the jury, by itself, tends to suggest that the claim was not "so remote" and did not play "such a minor role at the trial that in effect the state claim[s] only [were] tried." *Mine Workers, supra*, 383 U.S. at 728, 86 S.Ct. at 1140. Although the Van Eerden defendants argue that there was some risk of confusing the jury in joining state and federal claims with differing standards of proof, "the possibility of confusion [was] lessened by employing a special verdict form...." *Id.* at 729, 86 S.Ct. at 1140.

It is undisputed that the plaintiffs' state and federal claims "derive from a common nucleus of operative fact [and that] ..., considered without regard to their federal or state character, ... are such that [they] would ordinarily be expected to try them in one judicial proceeding...." *Id.* at 725, 86 S.Ct. at 1138. Therefore, given the substantiality of the federal question, "there is *power* in federal courts to hear the whole." *Id.* (emphasis in original). Accordingly, I conclude that the Van Eerden defendants' request for dismissal on jurisdictional grounds must be denied.

■ In question 13 of the special verdict, the jury determined that the Van Eerden defendants were liable for 30% of the plaintiffs' total financial loss and that the Daigneau defendants were liable for the remaining 70%. The jury calculated the plaintiffs' total financial loss to be $150,000. It follows that the Van Eerden defendants are jointly and severally liable to the plaintiffs for 30% of $150,000, or $45,000. Therefore, judgment will be entered in favor of the plaintiffs against Richard Van Eerden, Van Eerden Investment Advisory Services, Inc., and Van & Associates, Inc., jointly and severally, for $45,000, pursuant to Rule 58, Federal Rules of Civil Procedure.

"The concept of punitive damages embodies a rule of individualized punishment of a wrongdoer...." *Collins v. Eli Lilly Co.*, 116 Wis.2d 166, 202, 342 N.W.2d 37 (1984). The jury's punitive damage award of $200,000 is directed individually to Mr. Van Eerden. Moreover, unlike *Wussow v. Commercial Mechanisms, Inc.*, 97 Wis.2d 136, 152, 293 N.W.2d 897 (1980), where the jury was specifically asked to apportion punitive damages as between different defendants, here the jury was asked, in question 16 of the special verdict, to determine the matter of punitive damages only as to Mr. Van Eerden. Therefore, judgment must be entered in favor of the plaintiffs against Richard Van Eerden individually for $200,000,

pursuant to Rule 58, Federal Rules of Civil Procedure.

■ The provisions governing the plaintiffs' release of claims against the Daigneau defendants does not alter this result. The plaintiffs' agreement to satisfy any judgment recovered against released parties cannot fairly be construed to reduce the amount of the judgment recovered against unreleased parties. The percentage of liability attributed by the jury to the Daigneau defendants was simply "a necessary step in fixing the proportional fault of the ... [Van Eerden] defendant(s)." *Spearing, supra,* 770 F.2d at 90. There is no basis for holding that the plaintiffs intended to release Mr. Van Eerden or the Van Eerden corporations from liability for any portion of the judgment recovered against them.

Judgment will also be entered dismissing all claims asserted in the plaintiffs' amended complaint against CAM. However, costs will not be awarded to CAM. The Van Eerden defendants were free to move to dismiss CAM at any point in this litigation if they believed there was no evidence to support the plaintiffs' claims against it. The costs which resulted from their postponement in bringing such a motion until the close of the evidence cannot equitably be shifted to the plaintiffs at this late stage.

Therefore, IT IS ORDERED that judgment be entered in favor of the plaintiffs and jointly and severally against Richard Van Eerden, Van Eerden Investment Advisory Services, Inc., and Van Eerden & Associates, Inc., in the sum of $45,000, pursuant to Rule 58, Federal Rules of Civil Procedure, together with costs.

IT IS ALSO ORDERED that judgment be entered in favor of the plaintiffs and against Richard Van Eerden individually in the sum of $200,000, pursuant to Rule 58, Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that all claims asserted by the plaintiffs against Creative Asset Management, Inc., shall be dismissed, with prejudice, without costs.